IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01183-MJW

LISA JANINE BAXTER,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

Defendant.

## OPINION AND ORDER

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

The government determined that Plaintiff is not disabled for purposes of the Social Security Act. Plaintiff has asked this Court to review that decision. The Court has jurisdiction under 42 U.S.C. § 405(g), and both parties have agreed to have this case decided by a U.S. Magistrate Judge under 28 U.S.C. § 636(c).

### Standard of Review

In Social Security appeals, the Court reviews the decision of the administrative law judge ("ALJ") to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied. *See Pisciotta v. Astrue,* 500 F.3d 1074, 1075 (10th Cir. 2007). "Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Raymond v. Astrue*, 621 F.3d 1269, 1271–72 (10th Cir. 2009) (internal quotation marks omitted). The Court "should, indeed must, exercise common sense" and "cannot insist on technical perfection." *Keyes-*

2

*Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012).  The Court cannot reweigh the evidence or its credibility.  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

## Discussion

At the second step of the Commissioner's five-step sequence for making determinations,[1] the ALJ found that Plaintiff "has the following severe impairment: bilateral asymmetric sensorineural hearing loss, left greater than right."  (AR 17.)  More plainly: she has lost all hearing in the left ear and most hearing in the right.  Together with Plaintiff's non-severe limitations, the ALJ then determined that Plaintiff has the following residual functional capacity ("RFC"), as is relevant here:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work [except . . . she] cannot use a telephone more than occasionally as part of her office duties.  The claimant can only work at a moderate noise level environment, defined as meaning typical office level noise.  She cannot work at unprotected heights and can only occasionally drive as part of the job duties.

(AR 19.)  At the fourth step of analysis, the ALJ found that Plaintiff "is capable of performing past relevant work as a sales associate and assistant store manager" and therefore that Plaintiff is not disabled.  (AR 22.)

Plaintiff asserts three reversible errors: first, that the Commissioner's Appeals Council failed to consider relevant new evidence; second, that the ALJ handled opinion evidence improperly; and third, that the ALJ failed to make necessary findings about the hearing demands of Plaintiff's past relevant work.

---

[1] The Social Security Administration uses a five-step sequential process for reviewing disability claims.  *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

Each of Plaintiff's arguments relies on the distinction between work environments with "quiet" and "moderate" noise levels. The Commissioner relies on the *Dictionary of Occupational Titles* for describing work environments. That document provides:

> **5. NOISE INTENSITY LEVEL**
> The noise intensity level to which the worker is exposed in the job environment. This factor is expressed by one of five levels. . . .
>
> | Code | Level | Illustrative Examples |
> |---|---|---|
> | 1 | Very Quiet | isolation booth for hearing test; deep sea diving; forest trail |
> | 2 | Quiet | library; many private offices; funeral reception; golf course; art museum |
> | 3 | Moderate | business office where type-writers are used; department store; grocery store; light traffic; fast food restaurant at off-hours |
> | 4 | Loud | can manufacturing department; large earth-moving equipment; heavy traffic |
> | 5 | Very Loud | rock concert - front row; jack-hammer in operation; rocket engine testing area during test |

*Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles*, App. D. The vocational expert in this case testified that a person limited to working in "quiet" environments would not be able to do Plaintiff's past relevant work. Thus, the ALJ's resolution of this case relies entirely on the finding that Plaintiff could work in a "moderate" environment.

**I.      Evidence Submitted to Appeals Council**

Plaintiff submitted a questionnaire filled out by Plaintiff's treating physician, opining on Plaintiff's functional limitations, to the Commissioner's Appeals Council. (Docket No. 12-1.) The Appeals Council declined to consider it, stating:

> We also looked at the questionnaire completed by Dr. Leah Mitchell dated July 17, 2014. The Administrative Law Judge decided your case through May 27, 2014. This new information is about a later time. Therefore, it

>does not affect the decision about whether you were disabled beginning on or before May 27, 2014.

(AR 2.) Plaintiff argues that this is error; Defendant disagrees, and further argues that the Court has no jurisdiction to consider the matter unless Plaintiff establishes "good cause" for failing to submit the document to the ALJ earlier.

Defendant's jurisdictional argument is contrary to Tenth Circuit precedent. *Wilson v. Apfel*, 215 F.3d 1338 (table), 2000 WL 719457, at *2 n.2 (10th Cir. June 5, 2000) ("That standard is not applicable here, however, because the parties agree that the evidence was first submitted to the Appeals Council."); *see also O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994) ("We join the Fourth, Eighth, Ninth, and Eleventh Circuits, in holding that the new evidence becomes part of the administrative record to be considered when evaluating the Secretary's decision for substantial evidence."); *Chambers v. Barnhart*, 389 F.3d 1139, 114243 (10th Cir. 2004) (stating, without mention of "good cause" requirement, "if the evidence qualifies but the Appeals Council did not consider it, the case should be remanded for further proceedings").

Defendant's argument on the merits is also flawed. First, the Appeals Council's stated grounds are unsupportable. The evidence dates only six weeks after the ALJ's decision, and comes from a physician who had been treating Plaintiff for years. It defies all logic to suggest that the opinion reflects only Plaintiff's post-decision condition and shines no light at all on Plaintiff's condition from six weeks earlier—especially where, as here, there is no indication in the record that Plaintiff's condition was swiftly worsening. Second, although Defendant argues that the evidence is not material, Defendant's argument requires the Court to draw inferences. (*See* Docket No. 13, p.10 n.6 ("Thus, it

can be inferred that Dr. Mitchell's opinion is consistent with the ALJ's decision.").) This Court may not weigh the evidence; the opposite inference can be drawn, too, and it is therefore a matter for the ALJ to consider. Accordingly, the case must be remanded for further proceedings, including the new evidence improperly ignored by the Appeals Council.

**II.     Weighing Medical Opinions**

Plaintiff objects to the ALJ's handling of the state-agency physician's opinion. More specifically, Plaintiff argues that the ALJ improperly rejected certain portions of the opinion without explanation, despite giving "great weight" to the opinion in general.

> The state-agency physician opined:
>
> Functional limitations due to hearing loss are in order. . . . Communication, hearing, is limited to a moderate degree. Employment around high levels of background noise – whether caused by wind, traffic, several talkers having simultaneous conversations with others, etc. – is expected to be challenging, as the claimant reports. Audiologic results indicate that the claimant may experience difficulty accurately hearing precise information (as in taking oral orders), particularly as background noise becomes a factor. She should be able to communicate periodically with supervisors without major compensation for her hearing loss; for instance, conducting such conversations face-to-face in a quiet, non-chaotic, and well-lighted area should be sufficient. Based largely [on] her complaints, it may be helpful if she is employed in a job that does not require a great deal of interaction with the hearing public. . . . By way of general summary, then, based on her hearing loss she should be able to work in surroundings that are favorable to easy listening. Many factory jobs would seem to be inappropriate because of background noise and potential danger around moving machinery, while quiet types of jobs would appear to be a reasonable fit unless highly technical conversation must be heard with precision.

(AR 64.) Plaintiff argues that these findings and opinions are inconsistent with the ALJ's finding that Plaintiff can "work at a moderate noise level environment, defined as

6

meaning typical office level noise" (AR 19). The Court sees no inconsistency, and therefore rejects this argument.

## III. Demands of Past Relevant Work

Plaintiff finally argues that the ALJ's step-four analysis is insufficient because the ALJ failed to make findings as to the noise levels of Plaintiff's past relevant work. Defendant concedes the point, but argues that the ALJ made findings as to work *like* Plaintiff's past relevant work—which is all the ALJ was required to do, *see Titles II & Xvi: Past Relevant Work-the Particular Job or the Occupation As Generally Performed*, SSR 82-61, 1982 WL 31387 (S.S.A. 1982). Defendant is correct, and indeed Plaintiff abandons this argument in her reply brief—switching instead to an argument premised on *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991), and the ALJ's hypothetical question to the vocational expert. Plaintiff's back-up argument relies entirely on her argument, *supra*, as to the state-agency physician's opinion. Because the Court rejected that argument already, it necessarily rejects this one, too.

## Conclusion

For the reasons set forth above, the Commissioner's decision is REMANDED for further proceedings consistent with this Order.

Dated this 11th day of April, 2016.

BY THE COURT:

*/s/ Michael J. Watanabe*
MICHAEL J. WATANABE
United States Magistrate Judge